14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Winslow MACKEY, Defendant-Appellant.
 No. 92-5660.
 United States Court of Appeals, Fourth Circuit.
 Aug. 16, 1993.
Dec. 21, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville.
 Carol B. Andres, for appellant.
 Thomas J. Ashcraft, U.S. Atty., Jerry W. Miller, Asst. U.S. Atty., Thomas E. Booth, Atty., U.S. Dept. of Justice, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald Winslow Mackey appeals from the district court's conviction and sentence order finding him guilty of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 2, 841(a)(1), 846 (1988). Mackey's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but finding no non-frivolous grounds for appeal. Mackey was advised of his right to file a supplemental brief but has failed to do so. We affirm.
 
 
 2
 Mackey first complains that his trial and retrial (due to a hung jury) were untimely under the Speedy Trial Act. We disagree. Of the 223 days that elapsed prior to his first trial, 167 were excludable under the Act due to pretrial motions and a continuance granted to a codefendant. See 18 U.S.C. Sec. 3161(h)(1)(F), (h)(7). Likewise, of the 179 days available to retry Mackey, 166 were excludable due to Mackey's motions and his interlocutory appeal.
 
 
 3
 Moreover, this case does not present a constitutional speedy trial claim. Initially, we note that the fact that Mackey's trial complied with the Speedy Trial Act strongly suggests that there is no constitutional violation. United States v. Brainer, 691 F.2d 691, 698 (4th Cir.1982). Furthermore, we note that the length of the delay and the reason for the delay weigh against Mackey. Finally, although he alleged prejudice, Mackey has failed to articulate any. Therefore, he has stated no viable constitutional claim. See Barker v. Wingo, 407 U.S. 514 (1972).
 
 
 4
 Mackey also asserts, for the first time, that he was entrapped. Because this issue was not raised at trial, Mackey has forfeited appellate review, except for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Our review of the record discerns no plain error in this regard.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED